**In re Petition for DISCIPLINARY ACTION AGAINST Jesse GANT, III, an Attorney at Law of the State of Minnesota.**

**No. C8–99–2060.**

Supreme Court of Minnesota.

Jan. 8, 2003.

### ORDER

On July 18, 2000, this court indefinitely suspended respondent Jesse Gant, III, for a minimum of 90 days. Respondent petitioned for reinstatement on May 9, 2002, and a panel of the Lawyers Board of Professional Responsibility conducted a hearing on the petition for reinstatement. The panel found that respondent has complied with all conditions for reinstatement and recommended reinstatement subject to indefinite supervised probation for a minimum of two years with the following conditions:

a. Petitioner shall abide by the Minnesota Rules of Professional Conduct and shall cooperate with his supervisor and the Director of the Office of Lawyers Professional Responsibility in the monitoring of his probation including making timely responses to requests for information. Petitioner shall provide any necessary authorization to assist in the monitoring of his probation.

b. Petitioner shall submit to the Director a detailed financial plan for the operation of his practice within one month of the reinstatement of his license to practice. Petitioner shall also submit his business account books and records required by Rule 1.15(h), Minn. R. Prof. Conduct, on a monthly basis for the first

year and on a quarterly basis the second year.

c. Petitioner shall submit to the Director a detailed plan of office procedures including but not limited to systems for calendaring, file organization and telephone messages, screening client intake and conflict checks.

d. Petitioner shall submit to the Director a full accounting for the existing funds in the Gant Law Firm trust account and take reasonable steps to seek restoration of the $1,000 funds charged back to the trust account by U.S. Bank in December 2001. Petitioner shall also submit trust account books and records to the Director in compliance with Rule 1.15(h), Minn. R. Prof. Conduct and LPRB Opinion 9 on a monthly basis for the first year and on a quarterly basis the second year.

e. Petitioner shall make arrangements satisfactory to the Director to repay his law-related debts including the Verdone and Miller judgments. Petitioner shall allocate at least 30 percent of his net income to the repayment of these law-related debts.

f. Petitioner shall limit his practice to no more than 20 open files unless additional openings are authorized by the Director upon the recommendation of petitioner's supervisor.

g. Petitioner shall not begin representing clients until a supervisor has signed a consent to supervise.

h. Petitioner shall provide the supervisor with an inventory and progress report on each open file during the first week of each month. The inventory and progress report shall be complete and in a form which allows the supervisor to monitor petitioner's practice. The supervisor shall personally review some or all of petitioner's files each quarter and provide a written report to the Director at least once every three months.

i. At least one-third of petitioner's CLE course work during his current CLE reporting period shall be in the areas of civil trial and appellate practice.

j. Petitioner's probation shall not end until he has successfully completed two years of supervised practice.

k. Failure to comply with any of the conditions of his probation shall be grounds for revocation of probation and further public discipline.

The Director concurs with the panel's recommendation.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Jesse Gant, III, is reinstated to the practice of law in the State of Minnesota and is placed on indefinite supervised probation for at least two years subject to the recommended conditions set forth above. If the Director has not yet appointed a supervisor to monitor respondent's compliance with the terms of this probation, respondent shall provide the Director with the names of four licensed Minnesota attorneys who have agreed to be nominated as respondent's supervisor within two weeks of the date of this order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor.

BY THE COURT:
PAUL H. ANDERSON
Associate Justice